Vincent F. King, Esq. Village Attorney, Southampton
You have asked whether a village's ordinance enforcement officers are authorized to issue appearance tickets and otherwise enforce a village regulation prohibiting motor vehicles from making U-turns on designated village streets.
Regulation and control of streets and highway traffic within a municipality is a matter of State concern and is a governmental function exclusively within the power of the State as sovereign, except to the extent the Legislature has delegated such powers to political subdivisions and municipal corporations (People v Grant, 306 N.Y. 258,260 [1954]). The provisions of the Vehicle and Traffic Law are applicable and uniform throughout the State (Vehicle and Traffic Law, § 1600). Local governments are prohibited from enacting any local law, ordinance, rule or regulation in conflict with or superseding the Vehicle and Traffic Law unless expressly authorized by statute to do so (ibid.).
Section 1640(2) of the Vehicle and Traffic Law authorizes villages to enact regulations prohibiting or regulating "the turning of vehicles or specified types of vehicles at intersections or other designated locations". Pursuant to this authorization, the village of Southampton has prohibited U-turns in certain areas within the village (Village of Southampton Code, §§ 110-12, 110-36; see generally, Vehicle and Traffic Law, §§ 158-a, 1161).
Your letter notes that each summer the village employs several ordinance enforcement officers to assist with traffic control and ordinance enforcement. The ordinance enforcement officers are not peace officers, and they work under the supervision of a police officer.
Your question is whether the ordinance enforcement officers are authorized to issue appearance tickets for violations of the village's regulations prohibiting U-turns.
Section 150.20 of the Criminal Procedure Law authorizes the issuance of an appearance ticket* by a public servant other than a police officer when authorized by a local law enacted pursuant to the Municipal Home Rule Law:
 "A public servant other than a police officer, who is specially authorized by state law or local law enacted pursuant to the provisions of the municipal home rule law to issue and serve appearance tickets with respect to designated offenses other than class A, B, C or D felonies or violations of section 130.25, 130.40, 205.10, 205.17, 205.19 or 215.56 of the penal law, may in such cases issue and serve upon a person an appearance ticket when he has reasonable cause to believe that such person has committed a crime, or has committed a petty offense in his presence" (Criminal Procedure Law, § 150.20[3]).
The Municipal Home Rule Law's authorization for issuance of appearance tickets by public servants is as follows:
 "In the exercise of its powers to adopt and amend local laws, the legislative body of a local government shall have power:
 ". . . to authorize issuance of an appearance ticket by a public servant who, by virtue of office, title or position is authorized or required to enforce any statute, local law, ordinance, rule or regulation relating to parking, licensing of occupations or businesses, fire prevention and safety, health and sanitation, and building, zoning and planning . . ." (Municipal Home Rule Law, § 10[4] [a]).
The ordinance enforcement officers, not being police officers, may only be authorized to enforce local regulations pertaining to the subject areas set forth in section 10(4)(a) (e.g., parking; licensing of occupations or businesses; fire prevention and safety; health and sanitation; and building zoning and planning) (1986 Op Atty Gen [Inf] 124; 1985 Op Atty Gen [Inf] 149; 1983 Op Atty Gen [Inf] 77). Regulation of traffic — in this case the issuance of a ticket for a moving violation as opposed to a parking violation — is not included in the list of areas which may be enforced by public servants who are not police officers. The Legislature's delegation of enforcement authority here is limited to parking regulations. This conclusion is buttressed by the fact that section 10(4)(a) makes a broader authorization for enforcement of local laws by peace officers, which does include the authority to enforce traffic regulations:
 ". . . provided however, that a peace officer may be authorized to issue an appearance ticket relating to enforcement of any statute, local law, ordinance, rule or regulation affecting the public health, safety and welfare" (Municipal Home Rule Law, § 10[4] [a]).
We conclude that a village may not authorize a public servant, other than a police or peace officer, to issue appearance tickets for traffic infractions which are moving violations.
* Defined as follows:
 "An appearance ticket is a written notice issued and subscribed by a police officer or other public servant authorized by state law or local law enacted pursuant to the provisions of the municipal home rule law to issue the same, directing a designated person to appear in a designated local criminal court at a designated future time in connection with his alleged commission of a designated offense. A notice conforming to such definition constitutes an appearance ticket regardless of whether it is referred to in some other provision of law as a summons or by any other name or title" (Criminal Procedure Law, § 150.10).